1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JONATHAN F., | Case No.  CV 21-07612-RAO |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff Jonathan F.[1] ("Plaintiff") challenges the Commissioner's denial of his supplemental security income ("SSI") under Title XVI of the Social Security Act. For the reasons stated below, the decision of the Commissioner is AFFIRMED.

## II.   SUMMARY OF PROCEEDINGS

On April 30, 2019, Plaintiff protectively filed an application for SSI alleging disability beginning on January 1, 2004, due to type 2 diabetes, neuropathy, nerve damage, burning pain in the feet, difficulty walking, dependance on a non-prescribed

---

[1]  Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

cane, memory issues, sharp pain in the arm and hand, use of a prescribed arm brace, post-traumatic stress disorder ("PTSD") with anxiety and panic attacks, difficulty breathing, suicidal ideation, insomnia, an eating disorder, depression, and anti-social behavior. (Administrative Record ("AR") 82-83, 186.) The Commissioner denied the claim by initial determination on August 19, 2019, and upon reconsideration on February 12, 2020. (AR 82-86, 91-95.) Plaintiff requested a hearing before the Administrative Law Judge ("ALJ"). (AR 97.) A hearing was held on March 3, 2021, at which Plaintiff testified. (AR 33-53.) At the hearing Plaintiff amended his disability onset date to April 30, 2019. (AR 39.) The ALJ issued a decision denying Plaintiff's applications on March 19, 2021. (AR 12-32.) The ALJ's decision became the Commissioner's final decision on August 23, 2021, when the Appeals Council denied Plaintiff's request for review. (AR 1-6.) Plaintiff filed this action on September 23, 2021. (Dkt. No. 1.)

To determine whether Plaintiff was disabled under the Social Security Act, the ALJ followed the familiar five-step sequential evaluation process. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff has not engaged in substantial gainful activity since April 30, 2019. (AR 17.) At **step two**, the ALJ found that Plaintiff has the severe impairments of "type two diabetes mellitus with neuropathy and retinopathy; degenerative disc disease of the cervical and lumbar spine; left side carpal tunnel, trigger finger and ganglion cyst all post-surgery; [PTSD]; major depressive disorder, moderate, recurrent, in partial remission; antisocial and narcissistic personality traits; and cannabis use disorder." (*Id.*) At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (AR 18.)

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), except Plaintiff

> [C]an occasionally climb ramps and stairs; but can never climb ladders, ropes, or scaffolds.  The [Plaintiff] can occasionally balance, stoop, kneel, and crouch, but cannot crawl.  The [Plaintiff] can frequently reach, handle and finger with the left upper extremity.  He must avoid concentrated exposure to extreme cold, extreme heat, and vibration. The [Plaintiff] must avoid workplace hazards such as unprotected heights, and dangerous, unshielded machinery with moving mechanical parts.  The [Plaintiff] is limited to simple, routine and repetitive tasks performed in a work environment free of fast-paced production requirements.  The [Plaintiff] can have occasional interaction with co-workers, supervisors, and the general public.  He can tolerate no more than occasional changes in work settings, and is expected to be off-task from 5% to 10% of the workday.

(AR 21.)  At **step four**, the ALJ found that Plaintiff does not have past relevant work as defined in 20 C.F.R. § 416.965.  (AR 25.)  At **step five**, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.  (AR 26.)  Accordingly, the ALJ determined that Plaintiff had not been under a disability since April 30, 2019.  (AR 27.)

III.  **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).  "Substantial evidence . . . is 'more than a mere scintilla[,]' . . . [which] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed.2d 504 (2019) (citations omitted); *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence.  Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotations omitted).  "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ.").  The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV.  DISCUSSION

Plaintiff raises one issue for review: whether the ALJ properly evaluated Plaintiff's diabetes mellitus with neuropathy in accordance with Social Security Ruling ("SSR") 14-2P, 2014 WL 2472008 (2014), at step three.  (Joint Stipulation ("JS") at 3.)  For the reasons below, the Court affirms.

### A.    The ALJ's Determination at Step Three Is Supported By Substantial Evidence

#### 1.  Applicable Legal Standards

At step three, the ALJ considers the medical severity of a claimant's impairments to determine whether the impairments meet or equal the criteria of any

of the impairments listed in the Listings of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings").  20 C.F.R. § 416.920(4)(iii); § 416.925; *see Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020).  The Listings describe the impairments considered to be severe enough to prevent an individual from doing any gainful activity, regardless of age, education, or work experience.  20 C.F.R. § 416.925(a). Each impairment is described in terms of the "objective medical and other findings needed to satisfy the criteria of that listing."  20 C.F.R. § 416.925(c)(3).

A claimant's impairment, or combination of impairments, is medically equivalent to a listed impairment if the claimant's impairment "is at least equal in severity and duration to the criteria of any listed impairment."  20 C.F.R. § 416.926(a); *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013).  "[F]or a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to all the criteria for the one most similar listed impairment."  *Kennedy*, 738 F.3d at 1176 (citing *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)).  "Listed impairments are purposefully set at a high level of severity because the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary."  *Id.* (internal quotations and citation omitted). Thus, a claimant is required to  present medical findings equal in severity to each criterion in a listing.  *See id.*

Diabetes mellitus ("diabetes") is not a listed impairment for adults, but the effects of diabetes, either alone or in combination with other impairments, may medically equal the criteria of a listing.  SSR, 14-2P, 2014 WL 2472008, at *6.  One example offered by the regulations is diabetic neuropathy.  *Id.*  The criteria for Listing 11.14 peripheral neuropathy are:

> A. Disorganization of motor function in two extremities (see 11.00D1), resulting in an extreme limitation (see 11.00D2) in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities; or

5

B. Marked limitation (see 11.00G2) in physical functioning (see 11.00G3a), and in one of the following:

1. Understanding, remembering, or applying information (see 11.00G3b(i)); or

2. Interacting with others (see 11.00G3b(ii)); or

3. Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or

4. Adapting or managing oneself (see 11.00G3b(iv)).

## 2. Discussion

Plaintiff argues that his diabetic neuropathy, in combination with his other impairments, could have medically equaled Listing 11.14. (JS at 6.) First, Plaintiff contends that the ALJ's failure to cite Listing 11.14 at step three suggests the ALJ did not properly evaluate the evidence. (JS at 5-6.) Plaintiff's argument is without merit. "It is unnecessary to require the Secretary, as a matter of law, to state why a claimant failed to satisfy every different section of the [Listings]." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990). "An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Burch*, 400 F.3d at 683 (citing *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001)).

Here, the ALJ considered Listing 1.02 for dysfunction of major joints; 1.04 for disorders of the spine; 12.04 for depressive, bipolar, and related disorders; 12.08 for personality and impulse-control disorders; 12.15 for trauma- and stressor-related disorders; and also considered the effects of Plaintiff's diabetes in conjunction with other impairments. (AR 18-21.) The ALJ also found Plaintiff's "neuropathy and retinopathy have not caused the [Plaintiff] listing level impairment such as an inability to perform fine and gross movements effectively." (AR 19.) Although Plaintiff argues his diabetes in combination with his other impairments could have medically equaled Listing 11.14, Plaintiff does not identify where in the record he presented medical evidence in an effort to establish equivalence for Listing 11.14. *See Kennedy*, 738 F.3d at 1178. The ALJ was not required to discuss Listing 11.14

6

equivalence.

    1.  <u>Plaintiff's testimony alone cannot support an equivalence determination.</u>

Plaintiff argues that his testimony makes clear that his diabetic neuropathy in combination with his other impairments could have medically equaled the criteria for Listing 11.14. (JS at 6.) Plaintiff points to testimony he gave that he was prescribed a cane for balance (AR 41), he was unable to stand without either using the cane or leaning on something for balance (AR 42), and he could only walk for about 500 yards without stopping (AR 42). (JS at 6.) Plaintiff also points to statements that he holds his cane with his right hand, but due to severe nerve pain, he is unable to use his left hand for activities like grasping, fingering, and typing. (AR 40-42; JS at 6.)

A finding of equivalence is based on medical evidence only. 20 C.F.R. § 416.929(d)(3) ("[The ALJ] will look to see whether your symptoms, signs, and laboratory findings are at least equal in severity to the listed criteria . . . [and] will not substitute your allegations of pain or other symptoms for a missing or deficient sign or laboratory finding to raise the severity of your impairment(s) to that of a listed impairment."); *see Kennedy*, 738 F.3d at 1176 ("[Claimant] must present medical findings equal in severity to all the criteria for the one most similar listed impairment.") (citing *Zebley*, 493 U.S. at 532)); *see also Hamilton v. Astrue*, No. EDCV 08-1843-MAN, 2010 WL 3748744, at *7 (C.D. Cal. Sept. 22, 2010) ("[Claimant]'s self-reports of symptoms and functional limitations based on hip and joint pain cannot suffice to raise the severity of her related impairment to that of [a] Listing.") (citations omitted)). Plaintiff's testimony cannot support a determination of medical equivalence.

    2.  <u>Medical evidence supports the ALJ's step three determination.</u>

Plaintiff contends that the evidence supports the conclusion that Plaintiff's use of a cane was medically required. (JS at 6.) Defendant argues that the ALJ properly relied on Plaintiff's treatment records and the medical consultant's report to find that use of a cane was not medically necessary. (JS at 9.)

7

In finding that Plaintiff's use of a cane was not medically supported, the ALJ relied on evidence from Plaintiff's treatment records. (AR 24.)  Specifically, the ALJ found that Plaintiff requested a cane as opposed to being prescribed one. (AR 24, 732.)  Plaintiff contends that the treatment records support a finding that a cane was medically necessary because the records show Plaintiff was "working [with] neurosurgery who suggested he get a cane for support with ambulation." (AR 732; JS at 6.)  Indeed, at the end of the visit, the provider included instructions for Plaintiff to continue working with neurosurgery and gave Plaintiff a cane. (AR 735.)

Although Plaintiff provides an alternative interpretation of the evidence, the ALJ's decision should be upheld. "When evidence is susceptible to more than one rational interpretation, we uphold the ALJ's reasonable interpretation." *Rawson v. Berryhill*, 722 F. App'x 697, 697 (9th Cir. 2018) (internal quotations omitted) (citing *Ryan*, 528 F.3d at 1198).  Here, the ALJ's interpretation is reasonable.  To find that a cane is medically required, there must be medical documentation establishing the need for a cane to stand or walk and describing the circumstances for which it is needed.  SSR 96-9P, 1996 WL 374185 (1996), at *7; *see Sou v. Saul,* 799 F. App'x 563, 564-65 (9th Cir. 2020) (holding that claimant failed to show a cane was medically required where the evidence did not describe the circumstances for which a cane was need); *see also Amber C. v. Saul,* No. 2:19-CV-03208-MAA, 2020 WL 2061771, at *3 (C.D. Cal. Apr. 29, 2020) (holding that the objective medical evidence did not describe the circumstances for which a walker was needed).  Plaintiff does not cite to anywhere in the record that establishes the need for a cane and describes the circumstances for which it is needed.  Thus, the Court finds the ALJ's determination is a reasonable interpretation of the evidence and upholds the finding.

The ALJ also relied on the inconsistencies in the medical consultant's report to find that Plaintiff's use of a cane is not a medical necessity. (AR 25.)  The medical consultant opined that Plaintiff "requires a cane for balance on long distances." (AR 815.)  The medical consultant also noted that Plaintiff made an allegation of poor

balance, however, Plaintiff was "non-cooperative with the examination[,] . . . appears to be exaggerating his symptoms[,] and appears to walk normally without the cane." (AR 814.)  The ALJ determined that "[t]his internal inconsistency undermines [the medical consultant's] finding of medical necessity for a cane." (AR 25.)  Plaintiff argues the medical consultant only examined Plaintiff once and cites multiple entries in the record that demonstrate Plaintiff's unsteady gait.[2]  (JS at 6.)

An ALJ reviews every medical opinion for supportability and consistency. *Reynolds v. Kijakazi*, No. 21-35672, 2022 WL 4095381, at *1 (9th Cir. Sept. 7, 2022) (citing *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022)); 20 C.F.R. § 416.920c(a).  Supportability means the extent to which a medical source supports the medical opinion by explaining the relevant objective evidence.   20 C.F.R. § 416.920c(c)(1); *see Woods*, 32 F.4th at 791-92.  Consistency means the extent to which a medical opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim.  20 C.F.R. § 416.920c(c)(2); *see Woods*, 32 F.4th at 792.  Here, the ALJ found that the medical consultant's opinion was not supported by the relevant objective evidence.  (AR 25.)  "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Ryan*, 528 F.3d at 1198 (internal quotations and citation omitted).  Although Plaintiff provides evidence that the medical consultant's opinion is consistent with the rest of the record, the ALJ's determination must be upheld.

Additionally, even assuming Plaintiff's use of a cane was medically necessary, Plaintiff does not meet the Listing requirements of 11.14 A or B.  Listing 11.14A requires interference with movement of two extremities due to a neurological disorder (11.00D1), resulting in the inability to stand up from a seated position, maintain balance in a standing position and while walking, or use your upper extremities to independently initiate, sustain, and complete work-related activities

---

[2] Plaintiff also cites to various entries in the record that support Plaintiff's nerve pain and neuropathy.  (JS at 6-7.)

(11.00D2).   Plaintiff does not provide evidence that he has interference with movement of a second extremity.  The ALJ determined that even though Plaintiff has the severe impairments of left side carpal tunnel, trigger finger, and ganglion cyst, Plaintiff has the RFC to frequently reach, handle and finger with the upper left extremity.  (AR 17, 21.)  Plaintiff does not meet the two-extremity requirement of 11.14A.

Nor can Plaintiff demonstrate he meets the Listing requirements for 11.14B. Listings 11.14B requires medical evidence showing a marked limitation in physical functioning *and* a marked limitation in one of the following: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing oneself.   Although Plaintiff's use of a cane could satisfy the first prong of 11.14B, Plaintiff does not provide any evidence that he has another marked limitation.   Indeed, the ALJ determined that despite Plaintiff's severe limitations, he has the RFC to occasionally interact with co-workers, supervisors, and the general public.  (AR 21.)  Plaintiff can also tolerate occasional changes in the work setting and would be off-task 5% to 10% of the workday.  (*Id.*)  Plaintiff does not meet the requirements of 11.14B.

The Court finds that substantial evidence supports the ALJ's determination at step three that Plaintiff's impairments, or combination of impairments, do not meet or medically equal the severity of one of the Listings.

///

///

///

///

///

///

V.      **CONCLUSION**

IT IS ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED:  November 30, 2022          _____/s/_____
                                   ROZELLA A. OLIVER
                                   UNITED STATES MAGISTRATE JUDGE


**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**